**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X
                                                 : Chapter 11
                                                 :
                                                 : Case No. 19-71020 (REG)
IN RE:                                    : Case No. 19-71022 (REG)
                                                 : Case No. 19-71023 (REG)
DÉCOR HOLDINGS, INC., *et. al.*,[1]    : Case No. 19-71024 (REG)
                                                 : Case No. 19-71025 (REG)
          Post-Confirmation Debtors.    :
                                                 : (Substantively Consolidated)
                                                 :
                                                 : Hon. Robert E. Grossman
---------------------------------------------------------- X
                                                 :
BRYAN RYNIKER, IN HIS CAPACITY AS :
LITIGATION ADMINISTRATOR OF THE  :
POST-CONFIRMATION ESTATES OF :
DÉCOR HOLDINGS, INC., *et al.*,          :
                                                 :
          Plaintiff,                    :
                                                 : Adv. Pro. No. 20-08144 (REG)
          v.                              :
                                               :
THE TRAVELERS INDEMNITY :
COMPANY,                                   :
                                               :
          Defendant.                :
---------------------------------------------------------- X

## **STIPULATION AND ORDER OF SETTLEMENT**

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Décor Holdings, Inc. (4174); Décor Intermediate Holdings LLC (5414); RAD Liquidation Inc. (f/k/a The Robert Allen Duralee Group, Inc.) (8435); RAD Liquidation LLC (f/k/a The Robert Allen Duralee Group, LLC) (1798); and RADF LLC (f/k/a The Robert Allen Duralee Group Furniture, LLC) (2835).

20459701

This Stipulation and Order of Settlement (the "**Agreement**") is entered into on April 6, 2021, by and between Bryan Ryniker in his capacity as litigation administrator (the "**Litigation Administrator**") of the post-confirmation estates of Decor Holdings, Inc. ("**Decor**" or the "**Debtors**") and The Travelers Indemnity Company ("**Defendant**" or "**Travelers**", and together with the Litigation Administrator, the "**Parties**").

## RECITALS

A. On February 12, 2019, the Debtors commenced voluntary petitions under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of New York (the "**Court**").

B. On May 6, 2019, the Court confirmed (Dkt. No. 303) the *Third Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors* (Dkt. No. 296) (the "**Plan**").

C. On June 28, 2019, Bryan Ryniker was selected as the Litigation Administrator pursuant to the *Notice of Appointment of a Litigation Administrator* (Dkt. No. 339).

D. Pursuant to section 5.5 of the Plan, the Litigation Administrator is vested with the sole authority to, *inter alia*, commence, prosecute, and settle claims arising under chapter 5 of the Bankruptcy Code on behalf of the Debtors and their estates.

E. On August 27, 2020, the Litigation Administrator commenced the above-captioned adversary proceeding against The Travelers Companies, Inc. (the "**Adversary Proceeding**"), asserting causes of action under sections 547, 548, 550, and 502 of the Bankruptcy Code (the "**Claims**").

F. On February 12, 2021, the Litigation Administrator filed an amended complaint, asserting the Claims against Defendant in the place and stead of The Travelers Companies, Inc.

G. The Parties have engaged in extensive, good faith negotiations and have agreed to consensually resolve between themselves the Claims, controversies, and defenses, which have been asserted or which could have been asserted against each other in the Adversary Proceeding in accordance with the terms and conditions set forth herein.

## AGREEMENT

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the adequacy and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties hereby agree as follows:

1. Subject to the terms and conditions set forth herein, Defendant shall pay to the Litigation Administrator the aggregate sum of $8,500.00 (the "**Settlement Payment**"), so as to be actually received by the Litigation Administrator within fifteen (15) business days after the Approval Order (defined below) becomes final and non-appealable (the "**Payment Date**").

2. Defendant shall pay the Settlement Payment to the Litigation Administrator by wire transfer on the following instructions:

| | |
|---|---|
| Account Name: | The Robert Allen Duralee Group, Inc., Litigation Administrator, Case #8-19-71020-reg |
| Account Number: | xxxxxxxx0245 |
| Routing Number: | 122287251 |
| Bank Name: | Axos Bank |
| Bank Address: | 4350 La Jolla Village Drive San Diego, California 92122 |

3. On or before May 1, 2021, the Litigation Administrator shall file a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking approval of this Agreement ("**Approval Order**"). Concurrently with the filing of such motion, the Litigation Administrator shall deliver to Defendant an Internal Revenue Service Form W-9 for the entity to which the Settlement Payment is to be directed.

4. Unless otherwise agreed to by the Parties, if the Bankruptcy Court does not enter the Approval Order on or before October 6, 2021, (a) the Agreement shall be deemed null and void; (b) neither of the Parties to the Agreement shall be deemed to have waived any right or to have settled any controversy between the Parties that existed before the execution of the Agreement; (c) each of the Parties shall be restored to its respective status quo positions immediately before execution of this Agreement; (d) neither this Agreement nor any exhibit, document, or instrument delivered hereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Agreement, shall be (i) deemed to be or construed as an admission by any party herein of any act, matter, proposition, or merit or lack of merit of any claim or defense, or (ii) referred to or used in any manner or for any purpose in any subsequent proceeding or in any other action in any court or in any other proceeding; and (e) all negotiations, proceedings, and statements made in connection with the negotiation of this Agreement (i) shall be without prejudice to any person or party herein, (ii) shall not be deemed as or construed to be an admission by any party herein of any act, matter, proposition, or merit or lack of merit of any claim or defense, and (iii) shall not be offered in evidence in this or any other action or proceeding, except in connection with the enforcement of the terms of this Agreement.

5. Effective upon finality of the Approval Order, Defendant, together with its affiliates, predecessors, successors, assigns, subsidiaries, affiliates, current and former officers and directors, principals, equity holders, members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, consultants, representatives, heirs, executors, estates, and nominees hereby waive and release any and all claims, obligations and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered of any kind whatsoever against any of the Debtors and the Litigation Administrator together with their respective predecessors in interest, successors in interest, affiliates, agents, and assigns, officers and directors, solely arising under the Bankruptcy Code, or arising in or related to the Debtors' bankruptcy cases.

6. Effective upon finality of the Approval Order, the Litigation Administrator, together with the Debtors and their affiliates, predecessors, successors, assigns, subsidiaries, affiliates, current and former officers and directors, principals, equity holders, members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, consultants, representatives, heirs, executors, estates, and nominees will be deemed to have released Defendant and its respective predecessors in interest, successors in interest, affiliates, agents, and assigns, officers and directors of any and all obligations, claims, and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered arising under the Bankruptcy Code, or arising in or related to the Debtors, the Debtors' estates or the Debtors' bankruptcy cases.

7. Notwithstanding anything herein, including the Releases contained in paragraphs 5 and 6, (a) Travelers will continue to investigate, administer and, when appropriate, pay claims covered by any policies of insurance (the "**Policies**") issued by Travelers and its property casualty insurance company affiliates to or for the benefit of one or more Debtors; (b) this Agreement does not release Debtors, the Plan Administrator, or any other Insured (as that term is defined in the Policies) under the Policies from duties to cooperate with Travelers in the investigation and administration of claims, by continuing to deliver to Travelers, upon request, reasonably available information regarding the claims that are in any of the Debtors', the Plan Administrator's, or any other Insured's possession, custody, or control, and by authorizing third parties in possession of such information to deliver it to Travelers; and (c) nothing in this Agreement will be deemed: (i) to modify the coverage provided by the Policies or in any way to affect or to impair Travelers' rights or obligations under the Policies, including rights, defenses, and obligations concerning claims and coverage, which will be determined thereunder; (ii) to create or permit a direct right of action by any holder of any claim against Travelers or any of the Debtors; (iii) to preclude or limit, in any way, the rights of Travelers to contest and/or litigate with any holder of any claim, the existence, primacy, and/or scope of available coverage under any alleged applicable Policy(ies); or (iv) to preclude or limit, in any way, Debtors' defenses to any existing or future claims by Travelers except to the extent released by this Agreement.

8. By operation of section 502(h) of the Bankruptcy Code and pursuant to this Agreement, Defendant shall have an allowed general unsecured claim deemed filed in the Debtors' bankruptcy cases in the amount of $8,500. Within five (5) business days of transfer of the Settlement Payment to the Litigation Administrator, the Litigation Administrator shall cause the Debtors' Claims Register to be updated and revised to reflect Defendant's allowed general unsecured claim.

9. This Agreement contains the entire agreement between the Parties and may only be modified in writing signed by the Parties or their duly appointed agents. All prior agreements and understandings between the Parties concerning the subject matter of this Agreement are superseded by the terms of this Agreement.

10. This Agreement shall inure to the benefit of the Parties. There are no intended third-party beneficiaries to this Agreement.

11. The Parties represent and warrant to each other that they have the full power and authority to execute and to perform their respective obligations under this Agreement and, where appropriate, have obtained the requisite corporate authority to enter into this Agreement.

12. This Agreement is governed by, and shall be construed in accordance with the laws of the State of New York, without regard to its conflict of laws principles.

13. Each of the Parties acknowledges that it has read all of the terms of this Agreement, has had an opportunity to consult with counsel of their own choosing, and enters into those terms voluntarily and without duress.

14. Each Party acknowledges that it participated in and jointly consented to the drafting of this Agreement and any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

15. This Agreement may be executed in any number of counterparts and by different Parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same Agreement. Delivery of an executed counterpart of a signature page to this Agreement by facsimile or by electronic mail in portable document format (PDF) shall be effective as delivery of a manually executed counterpart of this Agreement.

16. The Court shall retain jurisdiction over the Parties to hear and determine any matter arising from or related to the making, interpretation, and enforcement of this Agreement or any issues arising hereunder, and the Parties agree to waive any entitlement to a trial by jury in any suit concerning this Agreement and/or the releases given in connection with this Agreement.

[SIGNATURE PAGE TO FOLLOW]

IN WITNESS WHEREOF, the Parties have caused the execution of this Agreement as of the 6th day of April, 2021.

| | |
|---|---|
| **LOEB & LOEB LLP** | **THE TRAVELERS INDEMNITY COMPANY** |
| By: *Noah Weingarten* | By: /s/ *Mark Hernandez* |
| Schuyler G. Carroll | Name: Mark Hernandez |
| Noah Weingarten | Title: Operations, Controller |
| 345 Park Avenue | |
| New York, New York 10154 | |
| Telephone: 212-407-4000 | |
| scarroll@loeb.com | |
| nweingarten@loeb.com | |

*Attorneys for Brian Ryniker,
Litigation Administrator*



Dated: Central Islip, New York
May 27, 2021

Robert E. Grossman
United States Bankruptcy Judge

20459701        6